## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LEEANN RICHERSON,**

     **Plaintiff,**

**v.**                              **Case No. 1:17-cv-00899**

**GEICO GENERAL INSURANCE COMPANY,**

     **Defendant.**

## NOTICE OF REMOVAL

Defendant GEICO General Insurance Company ("GEICO"), by and through its counsel of record, Chapman and Priest, P.C. (Donna L. Chapman and Jessica C. Singer) for the extra-contractual claims only, and Perry Law, P.C. (Meloney Perry), for the underinsured motorist claims only, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof, states as follows.

1.     Plaintiff Leanna Richerson, ("Plaintiff") filed her Complaint for Damages ("Complaint") in the First Judicial District, Santa Fe County, State of New Mexico, in Cause No. D-101-CV-2017-01950, on July 11, 2017.  *See* Plaintiff's Complaint, hereto attached as **Exhibit A**.

2.     GEICO was served with the Summons and Complaint on July 31, 2017. *See* Acceptance of Service, attached hereto as **Exhibit B**.

3.     In her Complaint, Plaintiff states she is a resident of the State of New Mexico.  **Exhibit A** at ¶ 1.

4.     Defendant GEICO asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

5.     Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.     Less than thirty (30) days have passed since the case became removable as set forth in 28 U.S.C. § 1446(b)(3).

7.     As GEICO has accepted service and the named entity is the only Defendant in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as **Exhibit C**).

8.     Plaintiff seeks damages for medical expenses, compensatory damages, incidental damages, and consequential damages, as well as bad faith damages, punitive damages, treble damages, and attorneys' fees and costs. *See* **Exhibit A** at ¶¶64, 16[1], 34, 35, 40, 41, and the Wherefore paragraph.

9.     While Plaintiff has not alleged a specific amount of damages, the relief sought and the nature of the claims included in Plaintiff's Complaint demonstrate Plaintiff is seeking damages in excess of $75,000.   *See generally id.*  Plaintiff seeks recovery under a policy of insurance with GEICO which has limits exceeding $75,000.  As Plaintiff is also seeking extra-contractual damages, treble damages, punitive damages, and attorneys' fees, Plaintiff clearly expects to recover, and is seeking, damages in excess of $75,000.   *See generally Id.* and *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 64 S. Ct. 5 (1943); Miera *v. Dairyland Ins. Co.*, No. 96-0136-M Civil, 1997 U.S. Dist. LEXIS 7757 (D.N.M. Feb. 28, 1997)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act); and *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534 (5th Cir. 1990).

_____

[1] Plaintiff's Complaint has two sets of enumerated paragraphs starting over after the first ¶64, the above paragraphs 16, 34, 35, 40, and 41 reference the second set of paragraph's numbers.

10.    Plaintiff and the sole Defendant are citizens of different states. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

11.    To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a).  Where a complaint does not contain dispositive allegations of the amount in controversy, a defendant seeking federal-court adjudication, must only file a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) citing §1446(a).   The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court, *Id.*

12.    *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), cited favorably the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"):

    a.  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H. R. Rep. No. 112-10, p. 16 (2011).

13.     Consistent with the allegations in Plaintiff's Complaint, dated July 11, 2017, the amount in controversy exceeds the jurisdictional amount of $75,000. (*See* Complaint). Upon information and belief, the damages sought by Plaintiff are likely in excess of $75,000.

14.     This Court has jurisdiction over the parties in this case pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served upon the Plaintiff on this date.

16.     GEICO is filing a Notice of Filing Notice of Removal in the state court action, a copy of which is attached to this Notice as **Exhibit D**.  The Notice of Filing Notice of Removal is being filed concurrently with this Notice in the First Judicial District, Santa Fe County, State of New Mexico, pursuant to 28 U.S.C. § 1446(d).

17.     GEICO is filing an Entry of Appearance in the state court action on this date, a copy of which is attached to this Notice as **Exhibit E**.

18.     Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders received by the Defendant in the state court action are attached to this Notice.  A separate Transmittal of State Court Records including all pleadings filed in the state court action will also be filed with this Court within twenty-eight (28) days.

19.     A Civil Cover Sheet is attached as **Exhibit F**.

**WHEREFORE**, the removing Defendant, GEICO, gives notice the above-styled

action, which was pending in the First Judicial District, Santa Fe County, State of New Mexico, as Cause No. D-101-CV-2017-01950, is removed to this Court.

Sincerely,

**CHAPMAN AND PRIEST, P.C.**

*/s/Jessica C. Singer*
Donna L. Chapman
Jessica C. Singer
PO Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for GEICO as to the extra-contractual claims only*

And

**PERRY LAW, P.C.**

*/s/Meloney Perry*
Meloney Perry
10440 North Central Expressway, Suite 600
Dallas, TX 75231
mperry@perrylaw.com
*Attorney for GEICO as to the underinsured motorist claims only*

I HEREBY CERTIFY THAT on this 30th August, 2017, I filed the foregoing electronically through CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard J. Valle
Andrea D. Harris
Carter & Valle Law Firm, PC
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
505-888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com
*Attorneys for Plaintiff*

*/s/Jessica C. Singer*
Jessica C. Singer

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/11/2017 4:20:01 PM
STEPHEN T. PACHECO
Ginger Sloan

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LEANNA RICHERSON,
     Plaintiff,

v.                            **No.** <u>D-101-CV-2017-01950</u>

                                           Case assigned to Singleton, Sarah

GEICO GENERAL INSURANCE COMPANY,
     Defendant.

## COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, UNFAIR PRACTICES AND UNDERINSURED MOTORIST INSURANCE BENEFITS

    **COMES NOW** the Plaintiff, Leanna Richerson, by and through her Counsel of Record, Andrea D. Harris, Esq. and Richard J. Valle, Esq. (Carter & Valle Law Firm, PC), and for her Complaint against the Defendant, GEICO General Insurance Company, states as follows:

    1.    The Plaintiff, Leanna Richerson, is a resident of the City of Albuquerque, NM, Bernalillo County, State of New Mexico.

    2.    The Defendant, GEICO General Insurance Company (hereinafter referred to as "GEICO"), upon information and belief, is a foreign insurance corporation, organized and licensed to do business within the State of New Mexico pursuant to the rules and regulations promulgated by the New Mexico Superintendent of Insurance and other applicable New Mexico Statutes and case law. As a foreign insurer, Defendant may be found and served with process in the County of Santa Fe, State of New Mexico, by service upon the New Mexico Superintendent of Insurance.

    3.    Venue is proper in this Court due to the New Mexico Superintendent of Insurance as the agent for service of process on GEICO.

1



4.     This Complaint and the allegations contained herein arise from a motor vehicle collision that occurred on December 12, 2013, in the City of Albuquerque, Bernalillo County, State of New Mexico.

5.     At all times material hereto, Plaintiff was covered by a policy of automobile insurance issued to her by GEICO which provided her with coverage for injuries and damages suffered through the acts or omissions of underinsured/uninsured motorists.

6.     Based upon the above paragraphs, this Court has jurisdiction of the parties and subject matter herein.

## FACTUAL BACKGROUND

7.     Plaintiff reasserts all prior allegations as if set forth herein.

8.     Plaintiff is an insured on a GEICO-issued insurance policy covering a 2012 Fiat 500C issued to Nestor A. Torres, Policy No. 2009275336 (hereinafter referred to as the "GEICO Policy"), providing uninsured and under-insured motorists coverage (hereinafter referred to as "UM/UIM") during the time of the accident at issue.

9.     Nestor A. Torres is the father of Plaintiff and resides with Plaintiff.  Plaintiff was covered under the GEICO Policy at all times relevant to this Complaint.

10.    On December 12, 2013, Plaintiff was the driver of the 2012 Fiat insured under the GEICO Policy.

11.    On December 12, 2013, Plaintiff was southbound on Jefferson Street NE near Montgomery Boulevard NE in Albuquerque, New Mexico.

12.    Plaintiff was in the right lane and stopped to make a right-hand turn onto Montgomery Boulevard NE.

2

13.    Edward Khader (hereinafter referred to as "Mr. Khader") was driving southbound on Jefferson Street NE and crashed into the back of Plaintiff's vehicle while she was stopped for traffic.

14.    Mr. Khader failed to use ordinary care, failed to keep a proper look out, and failed to yield the right of way to Plaintiff.

15.    Mr. Khader was 100% responsible for the collision.

16.    Mr. Khader's conduct was a violation of NMSA 1978, §66-8-114, and other statutes which were enacted for the benefit and protection of a class of the public of which Plaintiff is a member, that is, drivers and/or passengers of motor vehicles.  Therefore, Mr. Khader's violation of these statutes constitutes negligence per se.

17.    The injuries that Plaintiff suffered are of the type that the government sought to prevent when it enacted the statutes referenced above.

18.    Plaintiff did not cause or contribute to the collision.

19.    Plaintiff suffered damages as a result of the collision.

20.    This is a clear case of liability against the under-insured motorist, Edward Khader.

21.    Plaintiff made demand on the insurer for Mr. Khader.

22.    Mr. Khader did not have sufficient insurance to pay for Plaintiff's damages.

23.    The insurer for Mr. Khader tendered its insurance policy limits in November 2015, and Plaintiff requested GEICO's approval to accept those insurance proceeds.

24.    At all material times, Mr. Khader was an "under-insured motorist" as defined by New Mexico law and contemplated by the GEICO policy of insurance.

25.    The law in New Mexico is clear that this incident is covered under Leanna Richerson's UM/UIM coverage since Mr. Khader was not sufficiently insured at the time of this

collision, and all of Leanna Richerson's damages were incurred in the operation of a motor vehicle. *See* NMSA § 66-5-301 (Making it clear that a person is entitled to recover from UM/UIM coverage for property damage arising out of the "ownership, maintenance, or use of a motor vehicle.").

26.    It does not matter that the damage did not occur while Nestor Torres himself was operating a motor vehicle.

27.    The premiums for this policy were properly paid to GEICO, and the UM/UIM coverage was validly in force.

28.    At no time did GEICO ever advise Plaintiff or her legal counsel that Plaintiff caused or otherwise contributed to the cause of the crash.

29.    Leanna Richerson suffered serious bodily injuries from the collision.

30.    Plaintiff notified GEICO of the collision and made a claim for benefits under Plaintiff's UM/UIM coverage.

31.    On or about October 28, 2015, GEICO misrepresented this coverage limit as $25,000 per person/$50,000 per occurrence, for two vehicles, for a stacked coverage limit of $50,000 per person/$100,000.

32.    After GEICO represented Plaintiff's coverage as $25,000 per person/$50,000 per occurrence, for two vehicles, for a stacked coverage limit of $50,000 per person/$100,000, Plaintiff requested the rejection forms from GEICO showing any valid rejection of UM/UIM coverage.

33.    In November 2015, GEICO sent rejection paperwork for the rejection of some UM/UIM coverage.

34.    The rejection sent by GEICO did not meet the legal requirements under New Mexico law.

4

35.    Approximately one week after sending the rejection paperwork, GEICO informed Plaintiff that it was rolling up coverage to $100,000 per person/$300,000 per occurrence, for two vehicles, for a stacked coverage limit of $200,000 per person/$600,000 per occurrence.

36.    The rolling up of coverage happened on approximately November 18,2015, and thus, the GEICO Policy provided UM/UIM coverage to Plaintiff with limits of $100,000 per person/$300,000 per occurrence, for two vehicles, for a stacked coverage limit of $200,000 per person/$600,000 per occurrence.

37.    Plaintiff treated at a number of medical providers and incurred medical expenses from these providers.

38.    Plaintiff made demand for insurance policy benefits on or about November 18, 2015.

39.    Plaintiff also included in that demand a copy of all of her medical records and bills related to the crash for GEICO's information and review.

40.    Included in these records were the following:

    a.    Records for treatment by Upright MRI of New Mexico which totaled $1,600.00 in medical bills;

    b.    Records for treatment at Lovelace Women's Hospital which totaled $18,364.00 in medical bills;

    c.    Records for treatment at ABQ Health Partners which totaled $7,164.00 in medical bills;

    d.    Records for treatment by Zia Diagnostic Imaging which totaled of $60.00 in medical bills;

    e.    Records for treatment by Anesthesia Specialists of Albuquerque which totaled $936.00 in medical bills;

5

    f.   Records for treatment at Ocean Blue Medical Massage which totaled $1,326.00 in medical bills; and

    g.   Records for treatment by Hanger Prosthetics which totaled $78.00 in medical bills.

41.   Plaintiff's medical records and bills provided to GEICO totaled approximately $29,528.00.

42.   GEICO has not paid Plaintiff any UM/UIM insurance benefits.

43.   GEICO has at all times tried to place the burden of making this claim on the Plaintiff.

44.   On or about December 2, 2015, GEICO requested Plaintiff's past medical records to complete its evaluation.

45.   A medical release allowing GEICO to gather five (5) years of Plaintiff's past medical records was sent to GEICO on December 8, 2015.

46.   In January, 2016, GEICO stated it was still evaluating the case.

47.   In February, 2016, GEICO stated that it had engaged a third party vendor to gather Plaintiff's past medical records and that it was unable to complete its evaluation at that time.

48.   Plaintiff contacted GEICO on March 9, 2016 to find out the status of GEICO's evaluation and requested once more that GEICO pay the claims.

49.   GEICO responded to Plaintiff that same day, March 9, 2016 and stated that it was still evaluating Plaintiff's claims.

50.   In April, 2016, GEICO informed Plaintiff that it was requiring her to submit to an additional medical examination in order for GEICO to fully evaluate Plaintiff's claims.

51.   Plaintiff again cooperated with GEICO's request, and on June 10, 2016, Ms. Richerson attended an Insurance Medical Examination paid for by GEICO and for which it hired its own doctor (hereinafter referred to as "IME") in order to evaluate Plaintiff's injuries.

52.   GEICO selected Dr. Daniel Romanelli, M.D. to perform its IME.

53.   On June 13, 2016, Dr. Romanelli's IME report made the following findings:

*What injuries or conditions were diagnosed, documented, and treated, per the clinic records? What is the current status of those injuries?*

1. Lower back pain and bilateral radicular complaints, right leg mainly L3 distribution as well as S1 distribution position, and left leg mainly S1 distribution, nonverifiable with objective MRI finding. Mild facet arthrosis, preexisting.

2. Right knee pain.

3. Preexisting degenerative changes of the articular cartilage of the knee, mostly in the medial compartment, as well as degenerative medial meniscal tear with a radial component.

. . .

*Has the type, intensity, frequency, and duration of the treatment been medically reasonable, necessary, and consistent with the nature and severity of the documented injuries or conditions? Please elaborate.*

Yes. The treatment that was provided to the claimant has been medically reasonable and necessary, consistent with the severity of the documented injuries or conditions.

54.   Dr. Romanelli recommended future treatment for Plaintiff, and found that she had not yet reached MMI (maximum medical improvement).

55.   Despite no finding of pre-existing pain or symptoms prior to the collision and his finding that all medical treatment was medically reasonable and necessary, Dr. Romanelli noted in his report that Plaintiff had an acute exacerbation of preexisting arthritis, but nonetheless acknowledged the new pain and recommended additional treatment for her knee pain.

7

56.   On August 30, 2016, GEICO sent Plaintiff another letter which stated that it was still reviewing information.

57.   Defendant disputed the value of Plaintiff's claims for UM/UIM coverage.

58.   In September, 2016, GEICO made its first offer on Plaintiff's claims for $9,124.00.

59.   GEICO repeatedly claimed that Plaintiff's knee injury and related treatment, including surgery, were not related.

60.   In November, 2016, GEICO assigned a new adjuster to Plaintiff's claims.

61.   In January, 2017, without any further explanation, GEICO informed Plaintiff's counsel that it had re-evaluated its position and was considering approximately $29,450.00 in special damages, which would include treatment related to Plaintiff's knee injury.

62.   Despite the unexplained change in position and considerable time it took to evaluate Plaintiff's claims, GEICO never offered more than $15,000.00 as the full evaluation of Ms. Richerson's claim.

63.   GEICO did not provide Plaintiff with the claims handling to which she is entitled.

64.   Plaintiff has suffered damages in an amount to be determined at trial, which include, but are not limited to: past and future medical expenses; past and future non-medical expenses; nature, extent and duration of injuries; past, present and future pain and suffering; loss of enjoyment of life; lost functional capacity; loss of household services; mental anguish; punitive damages; attorneys' fees and costs; and other claims for legal damages which may exist pursuant to New Mexico law.

## COUNT I:  BREACH OF CONTRACT

1.   Plaintiff incorporates by reference all prior allegations as if set forth fully herein.

8

2.    At all times material hereto, Plaintiff was covered by the GEICO Policy previously identified that provided coverage for injuries and damages suffered through the acts or omissions of underinsured/uninsured motorists.

3.    GEICO's acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Plaintiff.

4.    GEICO initially misrepresented its coverage limits, and only reformed its coverage limits when Plaintiff alerted GEICO to the error.

5.    GEICO delayed its handling of Plaintiff's claims.

6.    GEICO failed to adequately investigate and evaluate Plaintiff's claims.

7.    GEICO has denied coverage for Plaintiff's medical charges and particularly her knee surgery and related anesthesia which was caused by Mr. Khader's actions.

8.    GEICO made a low-ball offer to Plaintiff which contradicted the findings of its own IME doctor's evaluation.

9.    Leanna Richerson performed all conditions precedent to her contract with GEICO.

10.   GEICO has not paid the amount it has evaluated as damages caused by the crash.

11.   GEICO's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, §39-2-1.

12.   As a direct and proximate result of the breach of the contract by Defendant, Plaintiff has suffered monetary damages necessary to restore to her that which was lost by Defendant's breach, including but not limited to incidental damages, consequential damages and reliance damages, attorney's fees and costs and any other damages in an amount to be determined at trial.

13.   GEICO did not provide Plaintiff with the claims handling to which she is entitled.

9

14.   Defendant's acts and failures to act, as enumerated above, constitute a willful breach of its contract with Plaintiff.

15.   Defendant's actions were reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

16.   As a direct result of the breach of the Contract by GEICO, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT II:  CONTRACTUAL BENEFITS

17.   Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

18.   Plaintiff made demand on the insurer for Mr. Khader.

19.   Mr. Khader did not have sufficient insurance to pay for Plaintiff's damages.

20.   The insurer for Mr. Khader tendered its insurance policy limits, and Plaintiff requested GEICO's approval to accept those insurance proceeds.

21.   Mr. Khader was an underinsured motorist.

22.   The GEICO Policy provided UM/UIM coverage with limits of $100,000 per person/$300,000 per occurrence which was stacked for each of the two vehicles on the policy, providing a total of $200,000 in coverage per person.

23.   Pursuant to its contract of insurance, GEICO owes Leanna Richerson the insurance benefits under her policy.

24.   Plaintiff has cooperated with every request by GEICO concerning the claim for contractual benefits.

25.   Plaintiff has complied with all conditions precedent to her claim for contractual benefits with GEICO.

## COUNT III:  UNDERINSURED MOTORIST BENEFITS

26.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

27.     Pursuant to its contract of insurance, GEICO owes Leanna Richerson the under-insured motorists' insurance benefits under the policy.

28.     Plaintiff has cooperated with every request by GEICO concerning the claim for contractual benefits.

29.     Plaintiff has complied with all conditions precedent to his claim for under-insured motorists' benefits with GEICO.

## COUNT IV:  UNFAIR INSURANCE CLAIM PRACTICES

30.     Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

31.     There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30, including but not limited to NMSA 1978, Section 59A-16-20, which prohibits the following unfair claims practices:

A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

B. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

. . . . . . . . . . . .

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

. . . . . . . . . . . .

G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions

11

brought by such insureds when such have made claims for amounts reasonably similar to amounts ultimately recovered;

32.   The actions of GEICO, as set forth above, constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (A), (B), (C), (E), and (G).

33.   GEICO, as set forth above, knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a) and (b), where Defendant:

   a. has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

   b. without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

34.   As a direct and proximate result of the unfair claims practices of GEICO, Plaintiff has suffered damages in a monetary amount to be determined at trial.

35.   Plaintiff is also entitled to an award of attorney fees and costs under the statute.

## COUNT V:  UNFAIR TRADE PRACTICES

36.   Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

37.   The acts and failures to act by GEICO, as enumerated above, constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, §§57-12-1.

38.   As a direct result of GEICO's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff has suffered damages in a monetary amount to be determined at trial.

12

39.    In handling Plaintiff's claim, GEICO treated Plaintiff much the same as it treated all other GEICO insureds making injury claims.

40.    Plaintiff is entitled to attorney fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

41.    The acts and failures to act by GEICO were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT VI:  BREACH OF
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

42.    Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

43.    In issuing insurance policies to Plaintiff and adjusting claims, Defendant GEICO has a duty to act in good faith and to treat its policyholders in a fair manner, to hold its insureds' interests equally to that of its own, and to act honestly, both in fact and in law, in these dealings.

44.    In undertaking the wrongful acts described herein, Defendant GEICO breached its duty of good faith and fair dealing, causing damage to Plaintiff in an amount to be proven at trial, and warranting the imposition of punitive damages as permitted by law.

**WHEREFORE**, Plaintiff requests this Court enter judgment against Defendant GEICO determining the amount of damages which Plaintiff is owed pursuant to the contract of insurance, order Defendant GEICO to pay that amount, an early mediation at GEICO's expense as set forth in NMSA 1978 §57-12-1 *et seq*,, attorney's fees, costs, and pre-judgment and post-judgment interest as provided by law, and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

13

Respectfully submitted,

**CARTER & VALLE LAW FIRM, PC**


_/s/ Andrea D. Harris   07/11/2017_
Andrea D. Harris, Esq.
Richard J. Valle, Esq.
*Attorneys for Plaintiff*
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
(505) 888-4357
(505) 883-5613 Facsimile
adh@carterlawfirm.com
rv@carterlawfirm.com

DC/AA

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF**
**INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 432
(505) 827-4241

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

August 7, 2017

GEICO General Insurance Company
Legal Dept. -- Matthew J Zuraw
2280 North Greenville Ave
Richardson, TX 75082

RE:   **LEANNA RICHERSON V. GEICO GENERAL INSURANCE COMPANY**
**D-202-CV-2017-01950**

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a
copy of a Summons, Complaint, and Plaintiffs First set of Interrogatories and Request for
production on the above styled cause. Service was accepted on your behalf on 7/31/2017.

Respectfully,

John G. Franchini, Superintendent

CERTIFIED MAIL   7010 0290 0002 3836 2112

**EXHIBIT**
**B**

Skip to Main Content  Logout  My Account  Search Menu  Search  Refine Search  Back                                    Location : All Courts  Images

# REGISTER OF ACTIONS
## CASE NO. D-101-CV-2017-01950

| Leanna Richerson v. Geico General Insurance Company | | | |
|---|---|---|---|
| | § | Case Type: | **Tort Auto** |
| | § | Date Filed: | **07/11/2017** |
| | § | Location: | |
| | § | Judicial Officer: | **Singleton, Sarah** |
| | § | | |
| | § | | |

---

**RELATED CASE INFORMATION**

**Related Cases**
D-202-CV-2009-07336 (See For Background)

---

**PARTY INFORMATION**

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **Geico General Insurance Company** | | |
| | | | |
| **Plaintiff** | **Richerson, Leanna** | | **Andrea D. Harris** |
| | | | *Retained* |
| | | | 505-888-4357(W) |
| | | | |
| | | | **Richard J. Valle** |
| | | | *Retained* |
| | | | 505-888-4357(W) |

---

**EVENTS & ORDERS OF THE COURT**

**OTHER EVENTS AND HEARINGS**

| 07/11/2017 | **Cause Of Actions** | Breach of Contract (Count I: Breach of Contract) |
|---|---|---|
| | Action Type | Action |
| 07/11/2017 | **Cause Of Actions** | Other (Count II: Contractual Benefits) |
| | Action Type | Action |
| 07/11/2017 | **Cause Of Actions** | Insurance Code (Count III: Underinsured Motorist Benefits) |
| | Action Type | Action |
| 07/11/2017 | **Cause Of Actions** | Insurance Code (Count IV: Unfair Insurance Claim Practices) |
| | Action Type | Action |
| 07/11/2017 | **Cause Of Actions** | Trade Practices Act (Count V: Unfair Trade Practices) |
| | Action Type | Action |
| 07/11/2017 | **Cause Of Actions** | Bad Faith (Count VI: Breach of Implied Covenant of Good Faith and Fair Dealing) |
| | Action Type | Action |
| 07/11/2017 | OPN: COMPLAINT | |
| | *Complaint for Bad Faith, Breach of Contract, Unfair Practices and Undersinured Motorist Insurance Benefits* | |
| 07/13/2017 | SUMMONS ISSUED | |
| | *Summons - Geico* | |

---

**FINANCIAL INFORMATION**

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Richerson, Leanna | | | |
| | Total Financial Assessment | | | 132.00 |
| | Total Payments and Credits | | | 132.00 |
| | **Balance Due as of 08/25/2017** | | | **0.00** |
| | | | | |
| 07/11/2017 | Transaction Assessment | | | 132.00 |
| 07/11/2017 | File & Serve Payment | Receipt # SFED-2017-8007 | Richerson, Leanna | (132.00) |



**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**LEANNEA RICHERSON,**

      **Plaintiff,**

**v.**                        **No. D-101-CV-2017-01950**

**GEICO GENERAL INNSURANCE COMPANY,**

      **Defendant.**

<u>**NOTICE OF FILING OF REMOVAL**</u>

      PLEASE TAKE NOTICE that GEICO General Insurance Company, by and through

its attorneys, Chapman and Priest, P.C. (Donna L. Chapman and Jessica C. Singer), has

filed a Notice of Removal in the United States District Court for the District of New Mexico.

A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1"

was e-mailed to:

Richard J. Valle
Andrea D. Harris
Carter & Valle Law Firm, PC
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
505-888-4357
<u>rv@carterlawfirm.com</u>
<u>adh@carterlawfirm.com</u>
*Attorneys for Plaintiff*

                    Respectfully submitted,

                    **CHAPMAN AND PRIEST, P.C.**

                    _____
                    Donna L. Chapman
                    Jessica C. Singer
                    P.O. Box 92438
                    Albuquerque, NM 87199
                    Tel: (505) 242-6000
                    <u>donna@cclawnm.com</u>
                    <u>jessica@cclawnm.com</u>
                    *Attorneys for GEICO*



I HEREBY CERTIFY THAT on this _30_ day of August 2017, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

Richard J. Valle
Andrea D. Harris
Carter & Valle Law Firm, PC
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
505-888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com
*Attorneys for Plaintiff*

Meloney Perry
Perry Law, P.C.
10440 North Central Expressway, Suite 600
Dallas, TX 7523
mperry@perrylaw.com
*Attorney for GEICO as to the underinsured motorist claims only*

_____
Jessica C. Singer

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
FIRST JUDICIAL DISTRICT

LEANNA RICHERSON,

        Plaintiff,

v.                                    No. D-101-CV-2017-01950

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

## ENTRY OF APPEARANCE

        Chapman and Priest, P.C. (Donna L. Chapman and Jessica C. Singer), hereby enter their appearance on behalf of Defendant GEICO General Insurance Company, as to the extra-contractual claims only.  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

        Respectfully submitted,

        **CHAPMAN AND PRIEST, P.C.**

        _____
        Donna L. Chapman
        Jessica C. Singer
        PO Box 92438
        Albuquerque, NM  87199
        505-242-6000
        donna@cclawnm.com
        jessica@cclawnm.com
        *Attorneys for GEICO*



EXHIBIT
E

I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this ⟨30⟩
day of August, 2017:

Richard J. Valle
Andrea D. Harris
Carter & Valle Law Firm, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
505-888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com
*Attorneys for Plaintiff*

Meloney Perry
Perry Law, P.C.
10440 North Central Expressway, Suite 600
Dallas, TX 7523
mperry@perrylaw.com
*Attorney for GEICO as to the underinsured
motorist claims only*

_____
Jessica C. Singer

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEEANN RICHERSON

**DEFENDANTS**
GEICO GENERAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff   SANTA FE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard J. Valle and Andrea D. Harris - Carter & Valle Law Firm, PC
8012 Pennsylvania Circle NE
Albuquerque, NM 87110   5058-888-4357

Attorneys *(If Known)*
Donna L. Chapman and Jessica C. Singer - Chapman and Priest, PC
PO Box 92438
Albuquerque, NM 87199   505-242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff

❏ 2  U.S. Government Defendant

❏ 3  Federal Question *(U.S. Government Not a Party)*

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | ❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 |

EXHIBIT
F
tabbies

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original Proceeding

☒ 2  Removed from State Court

❏ 3  Remanded from Appellate Court

❏ 4  Reinstated or Reopened

❏ 5  Transferred from Another District *(specify)*

❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Bad Faith Insurance Claim

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____